UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-41-TBR

**FREELAND THOMAS RILEY**  Petitioner,

v.

**CLARK TAYLOR, WARDEN**  Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion to Reconsider this Court's Judgment pursuant to Federal Rule of Civil Procedure 59. (Docket No. 22.) The Respondent has submitted a response (Docket No. 24), and the time for Petitioner to reply has elapsed. For the reasons that follow, Plaintiff's Motion to Reconsider is DENIED.

## BACKGROUND

On September 10, 2001, the McCracken Circuit Court convicted Petitioner Freeland Thomas Riley of possession of marijuana and one count of possession of drug paraphernalia, in violation of Kentucky state law. Ky. Rev. Stat. 218A.1422(2); Ky. Rev. Stat. 218A.500(5). Originally Class A misdemeanors, each offense was enhanced to a Class D felony based on the finding that Riley possessed a firearm at the time the offenses were committed. Ky. Rev. Stat. 218A.992(1)(b). The marijuana charge was also enhanced by the finding that Riley was a persistent felony offender in the first degree. Ky. Rev. Stat. 532.080(3). He was sentenced to a total of twenty years' imprisonment.

The Kentucky Supreme Court affirmed the judgment of conviction on May 22, 2003. *Riley v. Commonwealth*, 120 S.W.3d 622 (2003). On December 18, 2003, the Kentucky Supreme Court denied Riley's petition for rehearing.

Prior to the Kentucky Supreme Court's decision, on February 11, 2002, Riley filed his first post-conviction motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. The trial court denied this motion on February 25, 2002. Although Riley appealed to the Kentucky Court of Appeals, he failed to respond to the Court's show cause order. Consequently, his appeal was dismissed on December 13, 2004. *Riley v. Commonwealth*, 2011 WL 4633817, *2 (Ky. Ct. App. 2011).

Riley later filed two additional motions for post-conviction relief, each of which was denied. The first, filed in February 2004, alleged ineffective assistance of counsel pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. This motion was denied in the same month, and Petitioner failed to submit a timely notice of appeal. On July 27, 2007, the Kentucky Court of Appeals denied Riley's motion to file a belated appeal. *Id*. In 2008, Riley filed his final collateral attack pursuant to CR 60.02 and RCr 10.26. The trial court denied these motions. On October 7, 2011, the Kentucky Court of Appeals affirmed. *Riley v. Commonwealth*, 2011 WL 4633817 (Ky. Ct. App. Oct. 7, 2011).

On or about March 18, 2013, Riley filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) At issue is when the clock began running for the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations,

during which Riley's habeas petition was timely.[1] This one-year statute of limitations begins to run at the "expiration of the time for seeking" direct review. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

A magistrate judge issued a report and recommendation ("R & R") to deny Riley's petition as time-barred by the one-year period of limitation established by 28 U.S.C. § 2244(d). (Docket No. 16). Riley filed objections to the R & R, claiming that his incarceration violated his constitutional rights and that he lacked access to materials to file a habeas petition. He did not, however, claim that the statute should be equitably tolled. (Docket No. 17.)

After conducting a *de novo* review of the Magistrate Judge's Report in light of the objections thereto and the record as a whole, the Court adopted the Magistrate Judge's Report and dismissed the petition. (Docket No. 18.) On August 8, 2013, the Court entered an Order and Judgment dismissing Riley's petition for writ of habeas corpus, denying a certificate of

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), establishes a statute of limitations for state prisoners who seek release. The statute provides that a one-year limitation period shall commence at the conclusion of direct review; this period is tolled during the pendency of any collateral attack motion.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> …
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) and (2).

appealability, and dismissing the mater from the Court's active docket. (Docket Nos. 20, 21.) Riley now moves the Court to reconsider its ruling. (Docket No. 22.)

**STANDARD**

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented. *See Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues, *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district Court in this Circuit articulated, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620) (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at*2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec.*

*Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## DISCUSSION

AEDPA requires that habeas petitions brought by prisoners challenging state convictions must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Kentucky Supreme Court affirmed Riley's conviction upon direct appeal on December 18, 2003. United States Supreme Court Rule 13.1 affords a state prisoner ninety days after the entry of the final judgment on direct appeal in which to file a petition for writ of certiorari, making Riley's conviction final three months later. On these terms, Riley's one-year AEDPA period would have commenced on or about March 18, 2004.

However, prior to the affirmance of his conviction upon direct appeal, Riley filed his first collateral attack motion pursuant to CR 60.02. This motion remained pending and tolled the running of the one-year period until December 13, 2004, when the Kentucky Court of Appeals dismissed Riley's appeal for failure to file a brief. *See* § 2244(d)(2). The § 2244(d)(2) tolling period applies only "while an application for State post-conviction or other collateral review is pending." *Lawrence v. Florida*, 549 U.S. 327, 329 (2007) (internal citations and quotations omitted). Because Riley's 60.02 motion ceased to be pending after December 13, 2004, the one-year period commenced running on or about December 14, 2004, and expired on or about December 14, 2005.

The one-year period of limitation was not altered by Riley's later motion to file a belated appeal of his second collateral attack, nor his subsequent filing of a third collateral attack. "The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can

only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

AEDPA's statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 631 (2010). "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Torres v. Davis*, 416 Fed. Appx. 480, 481 (6th Cir. 2011) (quoting *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005)). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Torres*, 416 Fed. Appx. at 481 (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)). "Equitable tolling should be invoked 'sparingly,' and a petitioner seeking equitable tolling must show both that he diligently pursued his rights and that some extraordinary circumstance prevented timely filing." *Torres*, 416 Fed. Appx. at 481 (citing *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he can demonstrate both (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance prevented timely filing. *Robertson*, 624 F.3d at 784.

Riley's Motion for Reconsideration does not dispute the Court's factual findings as set forth in Docket Nos. 16 and 18, which explained that the 28 U.S.C. § 2244 statute of limitations expired prior to Riley's filing a habeas petition. Moreover, he presents no plausible claim for equitable tolling to warrant further proceedings. He alleges that he lacked access to the materials necessary to bring his claim, but provides no specificity regarding the alleged lack of access or the steps he took to diligently pursue his federal claims.

Riley argues that because reasonable jurists may consider it debatable whether his petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling, a certificate of appealability should issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, *Slack* continues:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* Given the "plain procedural bar" of AEDPA's statute of limitations, no certificate of appealability shall issue in the instant case.

Moreover, Riley apparently claims that the Court should have afforded him the opportunity to move for a certificate of appealability before denying his claim. (*See* Docket No. 22 at 2.) However, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part: "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases. Because the application of the statute of limitations is clear in this case, no such motion was required.

## CONCLUSION

Petitioner Freeland Riley has requested that the Court reconsider its prior ruling (Docket No. 18), in which the Court dismissed Riley's petition. For the foregoing reasons, IT IS HEREBY ORDERED that the Petitioner's Motion for Reconsideration (Docket No. 22) is DENIED.